IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

Donald Adkinson and Kerry Wimley,

    Each Individually and on Behalf of All Others Similarly Situated,

    *Plaintiffs*,

vs.

Tiger Eye Pizza, LLC and Ken Schroepfer,

    *Defendants*.

Case No. 4:19-CV-4007-SOH

Susan O. Hickey, Judge

**BRIEF IN SUPPORT OF DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT ON CONSENT TO JOIN
COLLECTIVE ACTION FILED BY DAVID WRIGHT**

COME NOW Defendants Tiger Eye Pizza, LLC and Kenneth Schroepfer and file this Brief in Support of their Motion for Summary Judgment on the Consent to Join Collective Action filed by David Wright, and in support thereof would show the Court the following:

## I.    INTRODUCTION

Plaintiffs individually and on behalf of others that are "similarly situated" are alleging that Tiger Eye Pizza, LLC, and Kenneth Schroepfer (hereinafter "Defendants"), owners and operators of Domino's pizza franchises, are in violation of the Fair Labor Standards Act (FLSA) and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq*, (AMWA) by having a uniform policy and practice of not paying its employees proper minimum and overtime wages.

David Wright ("Wright") filed a Consent to Join Collective Action attempting to opt-in to the instant lawsuit on April 9, 2019.  Wright has previously brought claims against the Defendants for violations of the FLSA and AMWA - the exact claims being brought by the Plaintiffs in this action.  On September 7, 2018, Wright separately filed his own lawsuit against

BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON CONSENT TO JOIN
COLLECTIVE ACTION FILED BY DAVID WRIGHT    PAGE 1

D/1007616v1

the named Defendants herein, in this very same court, and sought claims that stem from the exact same factual assertions being asserted in the instant lawsuit ("Previous lawsuit").  ***See Exhibit 1 attached to Defendants' Motion – complaint in Wright v. Tiger Eye Pizza, LLC, et al., 4:18-cv-4127 (W.D. Ark.).***

In this previous lawsuit, Wright and the named Defendants herein agreed to settle all of Wright's claims.  Pursuant to that agreement, Wright executed a release agreement dated January 15, 2019.  ***See Exhibit 2 attached to Defendants' Motion - Settlement Agreement and Release ("Settlement Agreement")***.  Per the executed Settlement Agreement, Wright and the Defendants herein expressed their mutual desire and intent that Wright was releasing all claims, stating the parties' intent to *"release and discharge Defendants from all claims which <u>presently exist or may exist in the future</u> arising out of or relating to the assertions in Plaintiffs' lawsuit."*  ***See Id.*** (emphasis added.)  After executing the Settlement Agreement, the parties filed a Stipulation of Dismissal with prejudice on March 11, 2019.  ***See Exhibit 3 attached to Defendants' Motion - Stipulation of Dismissal.***

Following the filing of the Stipulation of Dismissal with prejudice, the Court entered an order on March 15, 2019.  ***See Exhibit 4 attached to Defendants' Motion - Court's Order in Wright v. Tiger Eye dated March 15, 2019.***  In its order, the Court noted that Wright had filed his action alleging violations of the FLSA and AMWA as a putative class and collective action.  Noting that the parties had filed the Stipulation of Dismissal seeking to dismiss the case with prejudice, and the nature of the case as an FLSA case, the Court found it necessary to issue its order for clarity of the docket and due to the nature of the case.  The Court noted that several courts have held that settlement agreements resolving wage claims are subject to court approval.  The Court further noted that other courts, including this court, have held that court approval of an

BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON CONSENT TO JOIN
COLLECTIVE ACTION FILED BY DAVID WRIGHT                                                                      PAGE 2

D/1007616v1

FLSA settlement is not necessary when the lawsuit is not a collective action, all plaintiffs have been represented by counsel throughout the entirety of the case, and the parties wish for their agreement to remain private. The Court found that to be the case and that the settlement agreement did not require Court approval.

The Court went on to find that good cause had been shown for dismissal of the case and dismissed the case with prejudice. The Court further noted that if any party desires the settlement be part of the record the terms should be reduced to writing and filed with the Court within 30 days of the entry of the Court's judgment. The Court further noted that it retained jurisdiction to vacate the order and re-open the action upon cause shown that the settlement has not been completed and that further litigation is necessary. Mr. Wright did not file any such request in his original lawsuit. Instead, he filed his Consent to Join Collective Action in this case on May 20, 2019.

Despite agreeing to the Settlement Agreement and thereby, in effect, discharging and releasing the named Defendants herein from *any and all* claims that previously existed or that may occur in the future and that arise out of or relate to the factual assertions in Plaintiff's previous lawsuit (i.e. which are the exact same factual assertions Wright alleges in the instant lawsuit), Wright is now seeking an improper second attempt for recovery of alleged unpaid wages from the same Defendants/employer in the previous lawsuit, under the exact same factual assertions therein, on the exact same claims and/or causes of actions he has previously discharged and released. ***See Exhibit 5 attached to Defendants' Motion - Plaintiffs' Original Complaint.*** In fact, Wright's Original Complaint in the previous lawsuit is the mere mirror-image of the Original Complaint in the instant lawsuit. Accordingly, Defendants move to

BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON CONSENT TO JOIN
COLLECTIVE ACTION FILED BY DAVID WRIGHT                                                                PAGE 3

D/1007616v1

dismiss the Consent to Join Collective Action filed by Wright and request that the Court prohibit Wright from joining this action and asserting the same causes of action.

### II. WRIGHT'S CLAIMS ARE BARRED BY HIS PREVIOUS SETTLEMENT OF THESE CLAIMS

All of Wright's claims in the instant case are barred by his release of these exact same claims from the previous lawsuit. The Settlement Agreement provides, among other things, as follows:

> "Plaintiff David Wright has filed a lawsuit, Wright v. Tiger Eye Pizza, LLC, et al., 4:18-cv-4127 (W.D. Ark.), asserting Defendants violated Plaintiff's federal and state wage and hour rights, including failing to properly reimburse for delivery and automobile expenses…;" and
>
> "Plaintiffs and Defendants now desire to fully resolve and settle the matters raised in Plaintiffs' lawsuit and **release and discharge Defendants from all claims which presently exist or may exist in the future arising out of or relating to the assertions in Plaintiffs' lawsuit**;" and
>
> "Except for the obligations created by this Agreement, **Plaintiffs hereby fully release and discharge Defendants from any and all claims, demands, causes of action and liabilities, known or unknown, which Plaintiffs ever had, claimed to have, or now have, arising out of or in any way arising out of the lawsuit, including, but not limited to, all claims under the Fair Labor Standards Act and related state wage laws**, as amended, arising out of the same facts that were the subject of Plaintiffs' lawsuit."

**(See Exhibit 2 at p. 1-2.)**

The Settlement Agreement notes that it is to be interpreted pursuant to Arkansas law. Arkansas law favors amicable settlement of controversies. *Burke v. Downing Co.*, 198 Ark. 405, 407-408, 129 S.W.2d 946 (1939). In fact, "it is the duty of courts rather to encourage than to discourage parties in resorting to compromise as a mode of adjusting conflicting claims." *Ragland v. Davis*, 301 Ark. 102, 106, 782 S.W.2d 560 (1990) (citing 11 AM. JUR., *Compromise and Settlement* 4 (1937)). Under Arkansas law, Plaintiffs' causes of action in the instant case

BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON CONSENT TO JOIN
COLLECTIVE ACTION FILED BY DAVID WRIGHT                                    PAGE 4

D/1007616v1

merged into his settlement and are, therefore, barred. *Marshall v. Shelter Ins. Co.*, 65 Ark. App. 255, 258, 986 S.W.2d 139 (1999).

Additionally, given the nature of Mr. Wright's claims as claims under the FLSA and AMWA, this Court issued an order on March 15, 2019 in Mr. Wright's original case. As the Court noted in that order, Mr. Wright was fully represented by counsel throughout the entirety of that case and the Court approved the Stipulation of Dismissal pursuant to the settlement agreement and dismissed his claims with prejudice. The Defendants and Mr. Wright entered into a negotiated settlement agreement to settle all of Mr. Wright's claims. Mr. Wright has now decided he wants to try to re-assert those claims in this action.

Mr. Wright should not be able to settle his claims against the Defendants in one lawsuit and then try to join another lawsuit, filed by other lawyers, on behalf of other employees of the Defendants who are allegedly similarly situated. Mr. Wright's claims have been settled and he has signed a release dismissing his FLSA and related state law claims. He should not be allowed to now join another lawsuit seeking the same claims. The Defendants would have no interest in reaching a compromise settlement agreement with an employee like Mr. Wright if they cannot bring those claims to a final conclusion. The Defendants cannot buy peace if a settlement with an employee results in that same employee bringing the same claims in another lawsuit.

Mr. Wright should not be allowed to re-litigate his claims in this action. If he has a problem with the settlement agreement he entered into with the Defendants, he should have raised that in the previous lawsuit. The Court's order of March 15, 2019 notes that the Court retains jurisdiction to re-open that action upon cause shown that the settlement agreement has not been completed and that further litigation is necessary. Defendants request that the Court grant

BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON CONSENT TO JOIN COLLECTIVE ACTION FILED BY DAVID WRIGHT                                                                                                 PAGE 5

D/1007616v1

its motion for summary judgment and dismiss Mr. Wright's Consent to Join Collective Action filed by him in this action.

## III. CONCLUSION

Defendants settled Mr. Wright's claims. He should not be able to bring the same claims again in this action. Defendants therefore request that the Court grant their motion for summary judgment and strike the Consent to Join Collective Action filed by David Wright.

WHEREFORE, PREMISES CONSIDERED, the Defendants Tiger Eye Pizza, LLC and Kenneth Schroepfer respectfully pray that the Court grant their Motion for Summary Judgment, that the Court dismiss the Consent to Join Collective Action filed by David Wright, and for such other and further relief to which they may be justly entitled.

Dated:  July 25, 2019.  Respectfully submitted,

By: /s/R. Douglas Rees
R. DOUGLAS REES
Admitted Pro Hac Vice

COOPER & SCULLY, P.C.
900 Jackson Street, Suite 100
Dallas, Texas 75202
Telephone:  214/712-9500
Fax:  214/712-9540
Email: doug.rees@cooperscully.com

*Counsel for Defendants*
*Tiger Eye Pizza, LLC and Ken Schroepfer*

BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON CONSENT TO JOIN
COLLECTIVE ACTION FILED BY DAVID WRIGHT                                                                        PAGE 6

D/1007616v1

**CERTIFICATE OF SERVICE**

  I hereby certify that I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, Western District of Arkansas, using the electronic case filing system of the court. I hereby certify that I served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5 (b)(2) on the 25th day of July, 2019.

                */s/* R. Douglas Rees
                R. DOUGLAS REES

BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON CONSENT TO JOIN COLLECTIVE ACTION FILED BY DAVID WRIGHT    PAGE 7

D/1007616v1