IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DONALD ADKINSON and
KERRY WIMLEY, Individually
and on Behalf of All Others
Similarly Situated                                                                        PLAINTIFFS


v.                            Case No. 4:19-cv-4007


TIGER EYE PIZZA, LLC and
KEN SCHROEPFER                                                                            DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Tiger Eye Pizza, LLC and Ken Schroepfer 's Motion for Summary Judgment on Consent to Join Collective Action Filed by David Wright. (ECF No. 36). Plaintiffs Donald Adkinson and Kerry Wimley have responded. (ECF No. 44). Defendants have replied. (ECF No. 46). The Court finds the matter ripe for consideration.

### I. BACKGROUND

On September 7, 2018, David Wright ("Wright") filed a putative collective and class action against Defendants, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Arkansas Minimum Wage Act ("AMWA"), Ark. Code Ann §§ 11-4-201, *et seq.* That case was assigned civil case number 4:18-cv-4127-SOH (the "*Wright* case"). Wright alleged that he is employed by Defendants as an hourly paid pizza delivery driver in Texarkana, Arkansas and Texarkana, Texas, and that Defendants failed to pay him, and others similarly situated, proper minimum wage and overtime compensation. Specifically, Wright alleged that Defendants required him and other pizza delivery drivers to incur various business-related costs and expenses and failed to reimburse them for the same. One opt-in plaintiff joined the *Wright* case, and it was not certified as a class or collective action.

The parties to the *Wright* case subsequently settled the claims therein, as captured in a settlement agreement signed by the plaintiffs on January 15, 2019, and by the defendants on January 25, 2019. The settlement agreement provided, in relevant part, that Wright released Defendants from "all claims which presently exist or may exist in the future arising out of or relating to the assertions in Plaintiffs' complaint." (ECF No. 36-2, p. 1). On March 15, 2019, the Court dismissed the *Wright* case with prejudice, pursuant to the terms of the settlement agreement.

On January 23, 2019, Plaintiffs filed this action, seeking relief pursuant to the FLSA and the AMWA. Plaintiffs make the same allegations that Wright did in his case: (1) that they were employed by Defendants as hourly paid delivery drivers at Defendants' pizza stores in Texarkana, Arkansas, and Texarkana, Texas; and (2) that Defendants failed to pay them, and others similarly situated, proper minimum wage and overtime compensation by requiring them to incur various business-related costs and expenses and failing to reimburse them for the same. On May 20, 2019, Wright opted into this case by filing a consent to join collective action.

On July 25, 2019, Defendants filed the instant motion for summary judgment, contending that Wright's claims in this case are foreclosed because the settlement agreement in the *Wright* case released Defendants from liability on any and all claims relating to the assertions in that case. Defendants argue that the factual allegations in this case are essentially identical to those in the *Wright* case and, thus, Wright is seeking an improper second recovery on claims from which he has released Defendants. Accordingly, Defendants contend that there are no genuine issues of material fact on this issue and that the Court should dismiss Wright's claims herein. Plaintiffs oppose the motion.

## II. STANDARD

The standard for summary judgment is well established. When a party moves for summary judgment, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Krenik v. Cnty. of LeSueur*, 47 F.3d 953, 957 (8th Cir. 1995). This is a "threshold inquiry of . . . whether there is a need for trial—whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they reasonably may be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A fact is material only when its resolution affects the outcome of the case. *Id.* at 248. A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Id.* at 252.

In deciding a motion for summary judgment, the Court must consider all the evidence and all reasonable inferences that arise from the evidence in a light most favorable to the nonmoving party. *Nitsche v. CEO of Osage Valley Elec. Co-Op*, 446 F.3d 841, 845 (8th Cir. 2006). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Enter. Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). The nonmoving party must then demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik*, 47 F.3d at 957. However, a party opposing a properly supported summary judgment motion "may not rest upon mere allegations or denials . . . but must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256.

## III. DISCUSSION

Defendants contend that Wright's claims in this case should be dismissed because they are the same as those in the *Wright* case, from which he released them from liabiltiy.  Plaintiffs concede that Wright settled and cannot pursue any FLSA claims against Defendants accruing before the execution of the *Wright* settlement agreement.  The Court finds that Wright should not be allowed to assert claims in this case that accrued before March 15, 2019, the dismissal of the *Wright* case, as those claims are covered by the settlement agreement in that case.[1]

The only remaining question, then, is whether Wright may pursue FLSA claims accruing after the *Wright* case's dismissal.  Defendants argue that he cannot because the *Wright* settlement agreement released them from "all claims which presently exist or may exist in the future arising out of or relating to the assertions in Plaintiffs' complaint."  Defendants argue that *Wright* case's settlement agreement encompasses Wright's FLSA claims in this case because both cases concern Defendants' alleged failure to pay their delivery-driver employees proper minimum wage and overtime compensation by requiring them to bear various business-related costs and expenses without reimbursement.  Plaintiffs contend that Wright did not and could not prospectively waive his rights under the FLSA for any later-occurring violations and, thus, he is entitled to pursue any claims he may have against Defendants accruing after the date of the *Wright* settlement agreement.

The parties disagree whether Wright's release of all claims related to his allegations in the *Wright* case is a valid waiver of prospective FLSA claims in light of the fact that the Court did not review the *Wright* settlement for fairness before dismissing the case.  However, the Court need not

---

[1] For reasons unknown to the Court, the *Wright* parties fully executed the settlement agreement on January 24, 2019, but did not file a stipulation of dismissal until March 11, 2019. The Court chooses the date of the *Wright* case's dismissal as the cutoff rather than the date the parties executed the settlement agreement because the settlement agreement does not purport to release the defendants from all claims ending on the date the agreement was executed. Rather, it purports to release the defendants from all claims arising out of the lawsuit, which the Court officially closed on March 15, 2019.

address this issue because, regardless, Wright's release of claims related only to "the assertions in [the *Wright*] Plaintiffs' complaint." (ECF No. 36-2, p. 1). The *Wright* parties fully executed their release on January 24, 2019, and the Court dismissed that case on March 15, 2019. Wright did not release Defendants from any claim that might ever accrue after the conclusion of the *Wright* case. Rather, he released them from all claims related to the specific allegations and the specific time period involved in that case. In other words, he released them from all present and future claims arising from the allegations involved in a three-year period ending at the time of that case's dismissal. Plaintiffs' allegations in this case, albeit nearly identical in nature to those in *Wright*, concern FLSA violations that allegedly occurred after the *Wright* case's conclusion.[2] Thus, the claims and time period involved in this case constitute a separate cause of action and separate time period from those in *Wright*.

The Court finds that Wright did not prospectively waive his right to pursue future FLSA claims against Defendants and, thus, he is entitled to proceed in this case on FLSA claims arising after March 15, 2019. *See Bright v. Mental Health Res. Ctr., Inc.*, No. 3:10-cv-427-J-37TEM, 2012 WL 868804, at *4 (M.D. Fla. Mar. 14, 2012) ("Employers cannot use the settlement of FLSA claims to extract a general release of claims before paying over the wages. This is unfair, and it provides employers with a windfall should some unknown claim accrue to the employee at a later time."). Courts faced with similar circumstances have allowed employees who previously settled and released FLSA claims against their employer to opt into subsequent collective actions against that employer for later-accruing FLSA claims. *See, e.g.*, *Landry v. Swire Oilfield Servs., L.L.C.*, 252 F. Supp. 3d 1079, 1124 (D.N.M. 2017) (permitting employees who previously settled and

---

[2] There is, of course, some temporal overlap, as this case was filed on January 23, 2019, and the *Wright* case was not closed until March 15, 2019. However, as discussed above, Wright may not assert claims related to that overlapping period.

5

entered release agreements for FLSA claims against their employer but remained employed by that employer to join a subsequent FLSA suit against the same employer for claims accruing after the prior settlement); *Laney v. Redback Energy Servs., LLC*, 285 F. Supp. 3d 980, 988 (W.D. Tex. 2018) (same).  Defendants cite to no contrary authority,[3] and the Court finds that holding as Defendants ask would defeat the FLSA's remedial nature and could result in hypothetical employers quickly settling employees' FLSA claims against them, obtaining general releases of all future claims, and continuing to commit FLSA violations as to those employees with impunity.

In sum, the Court finds that summary judgment should be granted to the extent that Wright pursues claims against Defendants that accrued prior to March 15, 2019.  However, Defendants have not demonstrated that there is no genuine dispute of material fact and that they are entitled to judgment as a matter of law on Wright's claims arising after March 15, 2019.  The instant motion will be denied to the extent that Defendants seek dismissal of Wright's claims in their entirety.

### IV.  CONCLUSION

For the above-discussed reasons, Defendants' summary judgment motion (ECF No. 36) is hereby **GRANTED IN PART AND DENIED IN PART**.  Opt-in plaintiff David Wright's claims against Defendants are **DISMISSED WITH PREJUDICE** to the extent that they accrued prior to March 15, 2019.

**IT IS SO ORDERED**, this 8th day of November, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

---

[3] For that matter, Defendants cite to no authority at all in support of their position that an employee may settle both the specific FLSA claims involved in a case as well as any future FLSA claims against the employer that have not yet accrued.