IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DONALD ADKINSON and
KERRY WIMLEY, Individually
and on Behalf of All Others
Similarly Situated                                                        PLAINTIFFS

v.                              Case No. 4:19-cv-4007

TIGER EYE PIZZA, LLC and
KEN SCHROEPFER                                                          DEFENDANTS

**ORDER**

Before the Court is Plaintiffs' Motion for Modification of Scheduling Order and for Leave to File First Amended and Substituted Complaint. (ECF No. 58). Defendants have filed two responses. (ECF Nos. 62, 63). Plaintiffs have filed a reply. (ECF No. 67). The Court finds the matter ripe for consideration.

**I. BACKGROUND**

On January 23, 2019, Plaintiffs filed this collective action, seeking relief pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq., and the Arkansas Minimum Wage Act ("AMWA"), Ark. Code Ann § 11-4-201, et seq. On July 25, 2019, the Court issued a final scheduling order that, in relevant part, set trial for the week of April 13, 2020; established a discovery deadline of December 16, 2019; and established an amendment deadline of October 17, 2019. On October 16, 2019, the Court conditionally certified this case as a collective action and authorized notice to the collective.

On July 25, 2019, Defendants sought partial summary judgment on opt-in plaintiff David Wright's claims, which Defendants argued were foreclosed by the terms of a settlement agreement

executed in a prior, separate FLSA case brought by Wright against Defendants.[1] On November 8, 2019, the Court granted that motion in part and denied it in part, holding that Wright could not assert claims against Defendants in this case that accrued before March 15, 2019, the date the *Wright* case was dismissed, because those claims are covered by the settlement agreement executed in that case. The Court further held that Wright could assert claims against Defendants that accrued after March 15, 2019.

On November 18, 2019, Plaintiffs filed the instant motion. They ask the Court to modify the final scheduling order to set a new trial date, along with new motions deadlines.[2] Failing that, they ask for limited modification of the discovery deadline to allow Wright to conduct discovery on his retaliation claim. Plaintiffs also ask for leave to file an amended complaint that adds Wright as a named plaintiff to this matter and asserts FLSA-based claims of retaliation on his behalf.

Defendants do not oppose the request for modification of the scheduling order to reset the trial date and motions deadlines. However, Defendants do oppose Plaintiffs' request for leave to file an amended complaint.

## II. DISCUSSION

Plaintiffs' motion makes two requests: (1) that the Court continue the current trial setting and issue new pretrial deadlines, specifically the discovery deadline and motions deadlines; and (2) that the Court allow Plaintiffs to file an amended complaint adding Wright as a named plaintiff and asserting FLSA-based claims of retaliation for him. The Court will address each request in

---

[1] Case No. 4:18-cv-4127-SOH. The Court dismissed the *Wright* case on March 15, 2019, pursuant to the parties' stipulation of dismissal.

[2] The Court assumes that, by "motions deadlines," Plaintiffs refer to the various deadlines listed in the final scheduling order's "motions" category, including deadlines to move for class certification, amendment of pleadings, dispositive motions, motions in limine, and all other pretrial motions. The deadline to move for class certification has passed and, in any event, the Court has already conditionally certified this case as a collective action. The deadline to amend pleadings will be discussed in further detail below. Thus, any subsequent reference to "motions deadlines" in this order refers to the deadlines for filing dispositive motions, motions in limine, and all other pretrial motions.

turn.

### A. Modification of Scheduling Order

Plaintiffs ask the Court to continue the current trial setting and issue new pretrial deadlines, specifically the discovery deadline and motions deadlines. Defendants indicate that they do not oppose the request to reset the trial date and motions deadlines. Accordingly, the Court will vacate the current trial setting and final scheduling order, and a new scheduling order shall issue that sets a new trial date, a new discovery deadline, and new motions deadlines.[3]

### B. Leave to File Amended Complaint

Plaintiffs also seek leave to file an amended complaint adding Wright as a named plaintiff and asserting FLSA-based claims of retaliation for him. Plaintiffs assert that good cause exists for the request because Wright has been an opt-in plaintiff in this case since May 20, 2019, so his addition as a named plaintiff would present no unfair surprise to Defendants. Plaintiffs also assert that the events giving rise to Wright's retaliation claim did not arise until March or April 2019, when Defendants terminated his employment.

Defendants oppose this request, arguing that Plaintiffs failed to seek leave to amend before the expiration of the October 17, 2019 amendment deadline and have not satisfied the requirements of Federal Rule of Civil Procedure 16, which governs requests to amend pleadings made after the amendment deadline. Defendants argue that the request also fails under Federal Rule of Civil Procedure 15. Specifically, they argue that the request is made in bad faith because Plaintiffs have known of the potential retaliation claim since Wright's termination on March 13, 2019 and failed to seek leave to amend until now. Defendants also argue that Plaintiffs' proposed amendment would be futile because it would not survive a dispositive motion, as Wright's FLSA-based

---
[3] In light of this, it is unnecessary to address Plaintiffs' alternative request for an extension of time to conduct limited discovery.

termination claim arose when he was terminated on March 13, 2019, and the Court has previously held that Wright cannot assert claims against Defendants that accrued before March 15, 2019.

Plaintiffs argue in reply that they did not unnecessarily delay in seeking to amend their complaint. They state that they did not seek leave to amend to add Wright's potential retaliation claims until after the amendment deadline because Defendants' summary judgment motion concerning Wright remained pending from July 25, 2019 through November 8, 2019. Thus, Plaintiffs reason that it would have been a waste of time and resources to file a motion for leave to amend if the Court ultimately precluded Wright from participating in this case. Replying to Defendants' futility argument, Plaintiffs ask the Court to reconsider its November 8, 2019 memorandum opinion ruling on Defendants' summary judgment motion to the extent that it precluded Wright's claims against Defendants that arose before March 15, 2019. Plaintiffs argue that the parties to the *Wright* case executed their settlement agreement on January 24, 2019, which should be the date Wright's prior claims against Defendants were foreclosed, and that holding otherwise would deprive Wright of a remedy for FLSA-based retaliation.

It is undisputed that the deadline to amend pleadings passed on October 17, 2019. Plaintiff filed the instant motion on November 18, 2019. Thus, Plaintiff's motion to amend is untimely. Plaintiff's belated motion to amend implicates "both Rule 15(a) and Rule 16(b)" of the Federal Rules of Civil Procedure. *Hartis v. Chi. Title Ins. Co.*, 694 F.3d 935, 947 (8th Cir. 2012). Ordinarily, Rule 15(a) governs the pretrial amendment of pleadings and provides a liberal standard under which leave to amend "should [be] freely give[n] . . . when justice so requires."[4] Fed. R. Civ. P. 15(a)(2).

---

[4] Under Rule 15(a), leave to amend should typically be given unless "there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005) (internal quotation marks omitted).

4

However, Rule 16(b), which governs the issuance and modification of pretrial scheduling orders, applies instead of Rule 15(a) when a party seeks to amend a pleading after the amendment deadline. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008). The Court's pretrial scheduling order controls the course of an action unless modified. *Id.* "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Thus, if a party files for leave to amend outside of the amendment deadline, the party must show good cause to modify the scheduling order. *Sherman*, 532 F.3d at 716; *see also In re Milk Prod. Antitrust Litig.*, 195 F.3d 430, 437-38 (8th Cir. 1999) (reasoning that if a court solely considered "Rule 15(a) without regard to Rule 16(b), [it] would render scheduling orders meaningless and effectively [abrogate] Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure").

"What constitutes good cause sufficient to justify the modification of a scheduling order necessarily varies with the circumstances of each case." 6A Charles Alan Wright et al. *Federal Practice and Procedure Civil*, § 1522.2 (3d ed.). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006). Prejudice to the nonmoving party resulting from modification of the scheduling order may also be considered, but courts generally "will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines." *Sherman*, 532 F.3d at 717; *see also Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001) (reasoning that under Rule 16(b), when the moving party has not shown diligence, the analysis need not proceed to, or consider, the nonmovant's prejudice).

"[T]he 'good cause' standard [of Rule 16(b)] is an exacting one, for it demands a demonstration that the existing schedule cannot reasonably be met despite the diligence of the party seeking the extension." *IBEW Local 98 Pension Fund v. Best Buy Co.*, 326 F.R.D. 513, 522

(D. Minn. 2018) (alterations in original). "Where there has been no change in the law, no newly discovered facts, or any other changed circumstance . . . after the scheduling deadline for amending pleadings, then [the court] may conclude that the moving party has failed to show good cause." *Hartis*, 694 F.3d at 947. However, "a party does not meet the good cause standard under Rule 16(b) if the relevant information on which it based the amended claim was available to it earlier in the litigation." *IBEW*, 326 F.R.D. at 522.

Upon consideration, the Court agrees with Defendants that Plaintiffs have not shown good cause to modify the amendment deadline pursuant to Rule 16(b). Plaintiffs argue that they were diligent in seeking the extension when they did because Defendants filed their summary judgment motion on July 25, 2019 and the Court decided the motion on November 8, 2019. During this time, the October 17, 2019 amendment deadline passed. Plaintiffs state that they did not seek to amend their complaint until after November 8, 2019, because they wanted to see if the Court would dismiss Wright's claims entirely, and that filing more motions regarding Wright while the summary judgment motion was pending would waste time and resources if Wright was ultimately not allowed to participate in this case.

The Court appreciates Plaintiffs' counsel's mindfulness with respect to judicial economy. However, "a party does not meet the good cause standard under Rule 16(b) if the relevant information on which it based the amended claim was available to it earlier in the litigation." *IBEW*, 326 F.R.D. at 522. This case does not present a situation where newly discovered facts supporting a proposed amendment arose after the deadline for amendments had passed, thereby justifying modification of the amendment deadline under Rule 16(b). Rather, it appears undisputed that Defendants terminated Wright on March 13, 2019, and Plaintiffs' counsel has been aware of that since at least, March 18, 2019, when they discussed it with Defendants' counsel. (ECF Nos.

62-2). Thus, Plaintiffs could have sought leave for their proposed amendment at any time from March 18, 2019 until October 17, 2019, but they failed to do so. Even assuming *arguendo* that the Court accepted Plaintiffs' explanation for the delay in seeking amendment and excluded from its consideration July 25, 2019 through November 8, 2019—the time Defendants' summary judgment motion was pending—Plaintiffs still had multiple months to seek their proposed amendment. Plaintiffs had from March 18, 2019—when counsel learned of the facts underlying Wright's potential retaliation claim—through July 24, 2019 to seek their proposed amendment and did not. Plaintiffs offer no explanation of why they did not seek amendment during this time.[5]

Consequently, the Court cannot find that Plaintiffs diligently attempted to comply with the October 17, 2019 amendment deadline. As previously stated, "[t]he primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Rahn*, 464 F.3d at 822. The Court's finding regarding diligence dooms Plaintiffs' belated request for leave to amend. *See Hartis*, 694 F.3d at 947 (stating that good cause is not shown absent a change in the law, newly discovered facts, or any other changed circumstance). Because the Court cannot find diligence on Plaintiffs' part, it need not determine whether the proposed amendment would prejudice Defendants. *Sherman*, 532 F.3d at 717. Plaintiffs have failed to satisfy the "exacting" requirements of Rule 16(b) and, thus, their request to modify the scheduling order to extend the amendment deadline must be denied.[6] Plaintiffs may not file their proposed amended complaint.

### III. CONCLUSION

For the foregoing reasons, the Court finds that Plaintiffs' motion (ECF No. 58) should be

---

[5] The fact that the amendment deadline was not established until July 25, 2019, when the final scheduling order was issued, presents no bar to Plaintiffs' ability to have sought leave to amend before that date.

[6] Thus, it is unnecessary to address Defendants' Rule 15(a) arguments or Plaintiffs' request for reconsideration, which necessarily relates to Defendants' Rule 15(a) arguments.

and hereby is **GRANTED IN PART AND DENIED IN PART**. All deadlines set out in the final scheduling order are hereby lifted pending the issuance of a new scheduling order.[7] The current trial setting is cancelled and will be reset by the new scheduling order. Plaintiffs may not file their proposed amended complaint.

**IT IS SO ORDERED**, this 10th day of January, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

---

[7] The new scheduling order will not set new deadlines related to moving for class certification or for seeking leave to amend pleadings.