IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DONALD ADKINSON and
KERRY WIMLEY, Individually
and on Behalf of All Others
Similarly Situated                                                                                          PLAINTIFFS

v.                                                  Case No. 4:19-cv-4007

TIGER EYE PIZZA, LLC and
KEN SCHROEPFER                                                                                               DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion for Summary Judgment. (ECF No. 84). Plaintiffs filed a response. (ECF No. 89). Defendants filed a reply. (ECF No. 91). The Court finds the matter ripe for consideration.

### I. BACKGROUND

On January 23, 2019, Plaintiffs filed the present action seeking relief pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Arkansas Minimum Wage Act ("AMWA"), Ark. Code Ann §§ 11-4-201, *et seq.*[1] Plaintiffs allege that they are currently or previously employed by Defendants as hourly paid pizza delivery drivers in Texarkana, Arkansas and Texarkana, Texas, and that Defendants failed to pay them, and others similarly situated, proper minimum wage and overtime compensation. Specifically, Plaintiffs allege that Defendants required them to incur various business-related costs and expenses and failed to reimburse them for the same. On October 16, 2019, this case was certified as a collective action pursuant to 29 U.S.C. § 216(b). (ECF No. 51).

On December 9, 2020, Defendants filed the instant motion for summary judgment.

---

[1] The FLSA and the AMWA have similar provisions regarding minimum-wage and overtime compensation. Thus, in the analysis below, the Court will only refer to the FLSA.

Defendants argue that Plaintiffs have no evidence the reimbursements received from Defendants were not a "reasonable approximation" of their delivery expenses or reduced their wages below the minimum wage rates as set by the FLSA and the AMWA. Defendants further argue that Plaintiffs cannot show that they were not compensated for any overtime work. Accordingly, Defendants contend that there are no genuine issues of material fact and they are entitled to judgment as a matter of law.

## II. STANDARD

The standard for summary judgment is well established. When a party moves for summary judgment, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Krenik v. Cnty. of LeSueur*, 47 F.3d 953, 957 (8th Cir. 1995). This is a "threshold inquiry of . . . whether there is a need for trial—whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they reasonably may be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A fact is material only when its resolution affects the outcome of the case. *Id.* at 248. A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Id.* at 252.

In deciding a motion for summary judgment, the Court must consider all the evidence and all reasonable inferences that arise from the evidence in a light most favorable to the nonmoving party. *Nitsche v. CEO of Osage Valley Elec. Co-Op*, 446 F.3d 841, 845 (8th Cir. 2006). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Enter. Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). The nonmoving party must then demonstrate the existence of specific facts in the

record that create a genuine issue for trial. *Krenik*, 47 F.3d at 957. However, a party opposing a properly supported summary judgment motion "may not rest upon mere allegations or denials . . . but must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256.

### III. DISCUSSION

Defendants contend that summary judgment is appropriate because Plaintiffs cannot present sufficient evidence to meet their burden at trial.

In order to prevail on summary judgment, the moving party must first meet its burden in showing that there is no genuine issue of material fact present and that it is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56; *Nat'l Bank of Commerce of El Dorado, Ark. v. Dow Chem. Co.*, 165 F.3d 602 (8th Cir. 1999). Once the moving party has met its burden, the nonmoving party must present "specific facts showing that there is a genuine issue for trial." *Id.* at 587. Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no "genuine issue for trial." *Matsushita*, 475 U.S. at 586 (citing *First Nat. Bank of Ariz. V. Cities Service Co.*, 391 U.S. 253, 289 (1968)).

Defendants argue that the burden of proof is on Plaintiffs to establish that the reimbursements for work related expenses did not "reasonably approximate" their incurred expenses and that the alleged under-reimbursement reduced their wages below minimum wage. Defendants contend that Plaintiffs cannot present evidence to meet their burden at trial, and thus there are no genuine issues in dispute.

Plaintiffs argue that Defendants used an unreasonable rate in calculating Plaintiffs' reimbursements for work related expenses. Plaintiffs contend that Defendants should have used the IRS mileage rate, which is higher than Defendant's rate. Plaintiffs provided the Court with

Plaintiff Adkinson's Payroll Summary (ECF No. 92-1), which shows Plaintiff Adkinson was paid $5.25 per hour and Mileage Summaries (ECF No. 92-2), which show several individuals were reimbursed between $0.25 and $0.35 per mile, or between $0.75 and $1.00 per delivery.[2]

Defendants cite to *Celotex Corp. v. Catrett*, where the United States Supreme Court held that Rule 56 does not require the moving party to support its motion with affidavits or other similar materials negating the opponent's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). However, *Celotex* also states that a party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any' which it believes demonstrate the absence of a genuine issue of material fact." *Id*. The Court interprets the holding in *Celotex* to mean that the movant is not expressly required to support its motion with materials negating the opponent's claim, but the movant is still required to inform the district court of the basis for its motion. The movant cannot discharge their initial burden by making a blanket assertion that the non-moving party cannot provide evidence to meet its burden at trial. The burden on the moving party may be discharged by *showing* that there is an absence of evidence to support the nonmoving party's case. *Id*. (emphasis added).

In the present motion, Defendants fail to provide the Court with any factual basis to find that there is no genuine dispute of material fact.[3] Defendants argue that Plaintiffs are unable to meet their burden, but Defendants fail to address their present burden in showing that no genuine dispute exists to which granting summary judgment would be appropriate. Defendants assert that

---

[2] The Payroll Summary provided by Plaintiffs only showed information pertaining to Plaintiff Donald Adkinson. The Mileage Summaries provided by Plaintiffs showed information pertaining to several individuals, but it is unclear if all of these individuals are Plaintiffs in the present action.

[3] The parties primarily focus on the issue of which rate to use for purposes of calculating reimbursement. Even if the Court determined the issue of which rate should be used to calculate reimbursement, Defendants have not shown that they have satisfied either rate.

4

Plaintiffs were paid in compliance with the FLSA and the AMWA but do not provide any testimony, pleadings, interrogatories, admissions, or references to the record to support the assertion. Thus, the Court cannot find that Defendants' initial burden is discharged, because Defendants have not shown that there is an absence of evidence. Even if the Court did find that Defendants' initial burden could be discharged, Plaintiffs have presented the Court with sufficient evidence that the reasonability of Defendants' method of reimbursement remains in question.

Accordingly, the Court cannot grant summary judgment in favor of Defendants.

## IV. CONCLUSION

For the previously discussed reasons, the Court finds that Defendants' Motion for Summary Judgment (ECF No. 84) is hereby **DENIED**.

**IT IS SO ORDERED**, this 3rd day of May, 2021.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge