IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DONALD ADKINSON and
KERRY WIMLEY, Individually
and on Behalf of All Others
Similarly Situated                                                                                                  PLAINTIFFS

v.                                                       Case No. 4:19-cv-4007

TIGER EYE PIZZA, LLC and
KEN SCHROEPFER                                                                                                    DEFENDANTS

ROGER LEWIS                                                                                                            PLAINTIFF

v.                                                       Case No. 4:20-cv-4017

TIGER EYE PIZZA, LLC and
KEN SCHROEPFER                                                                                                    DEFENDANTS

## ORDER

Before the Court is the parties' Joint Motion for Approval of Settlement Agreement. (ECF No. 118). No response is necessary. The matter is ripe for consideration.

On January 23, 2019, Plaintiffs Adkinson and Wimley filed this action individually and on behalf of all others similarly situated, alleging that Defendants willfully violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the Arkansas Minimum Wage Act ("AMWA"), Ark. Code Ann. § 11-4-201, et seq., by failing to pay them minimum wage and overtime compensation as required by the FLSA and AMWA. On October 16, 2019, the Court granted conditional certification of a collective action. Notice was issued to the putative collective members and twenty-four people filed consents to join the lawsuit, with two later voluntarily withdrawing their consent.

Plaintiff Roger Lewis received notice of the collective action but failed to opt in before the close of the opt-in period, so on February 14, 2020, he filed his own lawsuit against Defendants, alleging the same claims as those brought by Adkinson and Wimley. On December 14, 2020, the Court consolidated the *Lewis* action with this one.

Following the parties' participation in two settlement conferences with the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas, they reached a settlement of all claims in this case, as captured in a proposed Settlement Agreement and Release filed with the Court. (ECF No. 118-1). Accordingly, they jointly ask the Court to approve their settlement and dismiss this case with prejudice.

There are two ways in which FLSA wage claims can be settled or compromised by employees. First, an employee may accept payment of unpaid wages under the supervision of the Secretary of Labor and if the back wages are paid in full. *See* 29 U.S.C. § 216(c). Second, when employees bring a private action for back wages under the FLSA, the Court may enter a stipulated judgment after scrutinizing the settlement for fairness. *Beauford v. ActionLink*, 781 F.3d 396, 405 (8th Cir. 2015); *Copeland v. ABB, Inc.*, 521 F.3d 1010, 1014 (8th Cir. 2008). Most FLSA cases are not compromised under either category but, like here, are instead submitted to the district court for approval and dismissal with prejudice, which would have the same effect as a stipulated judgment. *Melgar v. OK Foods*, No. 2:13-cv-2169-PKH, 2017 WL 10087890, at *1 (W.D. Ark. Jan. 26, 2017).

It remains an open question in the Eighth Circuit whether the FLSA requires judicial approval to settle bona fide disputes over wages owed. *Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1026 (8th Cir. 2019); *Melgar v. OK Foods*, 902 F.3d 775, 779 (8th Cir. 2018). Acknowledging that, this Court and others in the Eighth Circuit typically review a proposed FLSA

settlement's terms for fairness to ensure the parties are not left in an "uncertain position." *See, e.g.*, *King v. Raineri Const., LLC*, No. 4:14-cv-1828 (CEJ), 2015 WL 631253, at *2 (E.D. Mo. Feb. 12, 2015). The Court will only approve a FLSA settlement agreement if it determines that the litigation "involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties." *Frye v. Accent Mktg. Servs., LLC*, No. 4:13-CV-59 (CDP), 2014 WL 294421, at *1 (E.D. Mo. Jan. 27, 2014); *see also Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). The Court will proceed in that order.

A settlement addresses a bona fide dispute when it "reflects a reasonable compromise over issues actually in dispute." *King*, 2015 WL 631253, at *2 (citing *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 115 (1946)). After all, if there was no dispute that a plaintiff is owed wages, allowing settlement would effectively endorse the parties having improperly negotiated around clearly established FLSA entitlements. *Barrentine v. Ark.-Best Freight Sys.*, 450 U.S. 728, 739-40 (1981). The "threshold for establishing whether a bona fide dispute exists between the parties is a low one met where the parties are in disagreement about the wages to be paid and liability of the issues." *Netzel v. W. Shore Grp., Inc.*, No. 16-cv-2552 (RHK/LIB), 2017 WL 1906955, at *4 (D. Minn. May 8, 2017).

In this case, Plaintiffs have alleged that Defendants' expense reimbursement policies resulted in delivery drivers receiving less than the IRS standard business mileage rate, with the difference causing the drivers to be paid less than the applicable minimum wage. Defendants deny that the IRS rate is applicable and maintain that their reimbursement policies did not violate any law and that the drivers were always paid at or above the applicable minimum wage. The Court is satisfied that this case involves bona fide disputes over FLSA provisions.

To now determine whether the proposed FLSA settlement is fair and reasonable, the Court considers the totality of the circumstances, including factors such as "the stage of the litigation and the amount of discovery exchanged, the experience of counsel, the probability of success on the merits, any 'overreaching' by the employer in the settlement negotiations, and whether the settlement was the product of an arm's length negotiations between the parties based on the merits of the case.'" *Trogdon v. Kleenco Maint. & Constr., Inc.*, No. 5:14-cv-5057-PKH, 2016 WL 7664285, at *2 (W.D. Ark. Nov. 18, 2016). "This approach focuses on the fairness of the process used by the parties in reaching a settlement." *Grahovic v. Ben's Richardson Pizza Inc.*, No. 4:15-cv-1659-NCC, 2016 WL 1170977, at *2 (E.D. Mo. Mar. 25, 2016). In doing so, the Court is "mindful of the strong presumption in favor of finding a settlement fair." *Donoho v. City of Pac., Missouri*, No. 4:19-cv-186 NAB, 2019 WL 5213023, at *1 (E.D. Mo. Oct. 16, 2019); *see also Petrovic v. AMOCO Oil Co.*, 200 F.3d 1140, 1149 (8th Cir. 1999) ("[A] strong public policy favors [settlement] agreements, and courts should approach them with a presumption in their favor.").

At first glance, considering the totality of the circumstances, the parties' proposed settlement appears fair and reasonable to all parties. The settlement provides for compensation and attorney's fees in the total amount of $50,000.00. The settlement comes after the parties conducted formal discovery, which Plaintiffs' counsel used to conduct individualized damages analyses based on the number of miles that each collective member drove during the relevant period. The parties indicate that settling is favorable because similar FLSA cases over unreimbursed vehicle expenses have turned into "costly and complex competitions between expert witnesses over . . . automobile maintenance," and that the settlement provides Plaintiffs substantial relief without the expense and delay of trial and any post-trial proceedings. Furthermore, a finding of fairness is supported by the fact that all parties involved have been represented by experienced

counsel throughout the litigation and that the settlement is the product of settlement conferences featuring arm's length negotiation involving counsel and a U.S. magistrate judge. *Netzel v. W. Shore Grp., Inc.*, No. 16-CV-2552 (RHK/LIB), 2017 WL 1906955, at *6 (D. Minn. May 8, 2017).

However, the Court cannot complete its fairness determination based on the current record. The parties represent that the Court need not review or approve its settled attorney's fees. The Eighth Circuit has assumed, without deciding, that if FLSA settlements are subject to judicial review, district courts have "the authority to ensure (1) the attorney fees were in fact negotiated separately and without regard to the plaintiff's FLSA claim, and (2) there was no conflict of interest between the attorney and his or her client."[1] *Vines v. Welspun Pipes Inc.*, 9 F.4th 849, 853-54 (8th Cir. 2021) (cleaned up). If the Court answers those questions affirmatively, then it lacks the authority under the FLSA to review the settled attorney's fees. *Barbee*, 927 F.3d at 1027.

Neither the parties' joint motion nor the proposed settlement agreement seems to provide any indication whether the attorney's fees Plaintiffs' counsel will receive were in fact negotiated separately from Plaintiffs' FLSA claims and do not impact the settlement sums received by Plaintiffs. Without that information, the Court cannot meaningfully complete its "assume[d] . . . duty to exercise some level of review of the Agreement and the attorneys' fee award." *Melgar v. OK Foods*, 902 F.3d 775, 779 (8th Cir. 2018).

For this reason, the parties' joint motion (ECF No. 118) is **DENIED WITHOUT PREJUDICE**. To be clear, the Court does not find that the proposed settlement is unfair or unreasonable. Rather, the Court finds only that it lacks the information needed to fully evaluate the agreement, and thus, the Court cannot approve the proposed settlement at this time. The parties

---

[1] The parties have moved for the Court's approval of the FLSA settlement, so the Court uses the law to be applied if judicial review of FLSA settlements is required. *See Seow v. Miyabi Inc.*, No. 19-cv-2692 (JNE/DTS), 2021 WL 3616894, at *1 (D. Minn. July 15, 2021) (doing the same); *Bryson v. Patel*, No. 4:20-cv-0065-ERE, 2021 WL 2446352, at *1 (E.D. Ark. June 15, 2021) (same).

may refile the motion with additional discussion and evidence on the issue of whether the settled attorney's fees in this case were separately negotiated from and without regard to Plaintiffs' FLSA claims. If the merits settlement and attorney's fees were negotiated simultaneously, Plaintiffs should also provide their counsel's itemized billing records and a discussion of those billing records, the fee arrangement between Plaintiffs and their counsel, and counsel's purported discounted rates.

**IT IS SO ORDERED**, this 24th day of February, 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge