IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | |
|---|---|
| **DONALD ADKINSON and KERRY WIMLEY,** Each Individually and on Behalf of All Others Similarly Situated | **PLAINTIFFS** |
| vs.  No. 4:19-cv-4007-SOH | |
| **TIGER EYE PIZZA, LLC, and KENNETH SCHROEPFER** | **DEFENDANTS** |
| **ROGER LEWIS, Individually and on** Behalf of all Others Similarly Situated | **PLAINTIFF** |
| vs.  No. 4:20-cv-4017-SOH | |
| **TIGER EYE PIZZA, LLC, and KENNETH SCHROEPFER** | **DEFENDANTS** |

## RENEWED JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT

Plaintiffs Donald Adkinson ("Adkinson") and Kerry Wimley ("Wimley"), each individually and on behalf of all others similarly situated, and Plaintiff Roger Lewis (together "Named Plaintiffs") and Defendants Tiger Eye Pizza, LLC, and Kenneth Schroepfer, by and through their respective undersigned counsel, hereby jointly submit the following Renewed Joint Motion for Approval of Settlement Agreement:

1.    The purpose of this Renewed Motion is to provide the Court with information related to the negotiation of attorneys' fees in this matter, itemized billing records, a discussion of those records, and the fee arrangement between Plaintiffs and their counsel, as directed in the Court's Order dated February 25th, 2022.

Page 1 of 7
Donald Adkinson, et al. v. Tiger Eye Pizza, LLC, et al.
U.S.D.C. (W.D. Ark.) Case No. 4:19-cv-4007-SOH
Renewed Joint Motion for Approval of Settlement Agreement

2. Adkinson and Wimley ("Adkinson Plaintiffs") initiated this action on January 23, 2019. ECF No. 1. Adkinson Plaintiffs' Complaint alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., and the Arkansas Minimum Wage Act ("AMWA"), Ark. Code Ann. §11-4-201, *et seq*., and was filed as a collective action. *Id*. Adkinson Plaintiffs alleged in their Complaint that Defendants failed to pay them and other delivery drivers the legal minimum hourly wage for all hours worked and lawful overtime compensation for all hours worked in excess of 40 per workweek. Specifically, Adkinson Plaintiffs alleged that Defendants' expense reimbursement policies resulted in drivers receiving less than the IRS standard business mileage rate, and that the difference caused the drivers to be paid less than the applicable minimum wage.

3. Defendants deny that the IRS rate is applicable and assert that delivery drivers were compensated at or above the applicable minimum wage at all times and that their reimbursement policies did not result in the violation of any law.

4. Prior to Adkinson Plaintiffs' filing of a Motion for Conditional Certification, three individuals in addition to Adkinson Plaintiffs filed consents to join this lawsuit. ECF Nos. 10, 22 and 29.

5. On April 23, 2019, Adkinson Plaintiffs filed a Motion for Conditional Certification attempting to certify as a collective "All Delivery Drivers employed by Defendants since January 23, 2016." ECF No. 17. This Court entered an Order conditionally certifying this collective on October 16, 2019. ECF No. 51. Pursuant to this Order, Notices were issued to the putative collective members. Following the issuing of the Notices and opt-in period, 24 individuals filed consents to join this lawsuit. ECF Nos. 52, 54-57, 59-61, 64, 68-71, 73 and 78. Two opt-in plaintiffs voluntarily withdrew their

Page 2 of 7
Donald Adkinson, et al. v. Tiger Eye Pizza, LLC, et al.
U.S.D.C. (W.D. Ark.) Case No. 4:19-cv-4007-SOH
Renewed Joint Motion for Approval of Settlement Agreement

consents to join. ECF No. 77.

6. Following the close of the opt-in period, on February 14, 2020, one individual who was sent a Notice form but who did not opt in in time, Roger Lewis, brought his own lawsuit against Defendants, alleging the same claims as those brought by Adkinson Plaintiffs. This action, styled *Roger Lewis, et al. v. Tiger Eye Pizza, LLC, et al.*, 4:20-cv-4017-SOH, was subsequently consolidated into this lawsuit on December 14, 2020. Adkinson, Wimley, Lewis and the 25 opt-in plaintiffs are hereinafter collectively referred to as "Plaintiffs."

7. Extensive arm's length settlement negotiations took place between counsel for both parties and the Parties, culminating successfully during a settlement conference in front of Magistrate Judge Barry A. Bryant. The Parties have memorialized the terms of their settlement in their Settlement Agreement and Release of Claims ("Settlement Agreement"), which resolves this litigation in full and is attached hereto as Exhibit 1.

8. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). A district court may only approve a settlement agreement and enter a stipulated judgment that includes a waiver of FLSA claims after it determines that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties. *Okada v. Eagle's HVAC, LLC*, No. 2:16-CV-02245, 2017 U.S. Dist. LEXIS 205376, at *3 (W.D. Ark. Dec. 14, 2017) (citing Lynn's Food Stores, Inc., 679 F.2d at 1353, n. 8).

9. The proposed Settlement Agreement has been negotiated in good faith at

Page 3 of 7
Donald Adkinson, et al. v. Tiger Eye Pizza, LLC, et al.
U.S.D.C. (W.D. Ark.) Case No. 4:19-cv-4007-SOH
Renewed Joint Motion for Approval of Settlement Agreement

arm's length and represents a fair and equitable compromise of disputes regarding wages of the Plaintiffs. The parties understand the inherent risks of litigation and understand the expense associated with further pleadings, a jury trial and, potentially an appeal.

10. The Parties took part in formal discovery, including the exchange of data regarding the number of miles driven by and reimbursements paid to class members, which Plaintiffs' counsel was able to use to conduct individualized damages analyses. Under the terms of the settlement, each Plaintiff is receiving a portion of the $16,500.00 settlement fund based on the miles driven by each Plaintiff during the statutory period. A copy of the Settlement Allocation is attached as Appendix A to the Settlement Agreement. Assuming that the applicable reimbursement rate for each Plaintiff was the recommended IRS reimbursement rate at the time of driving, each Plaintiff will receive approximately 47.3% of his or her unpaid mileage reimbursement.

11. These settlement amounts are fair and reasonable in this case because they are based on a reasonable compromise of disputed vehicle expenses. Defendants vehemently deny that they were ever obligated to pay its employees at the IRS rate, instead arguing that its reimbursement policies were calculated to reasonably approximate each specific delivery driver's incurred expenses. *See* ECF Nos. 102-104.

12. In other cases, disputes over unreimbursed vehicle expenses for pizza delivery drivers have turned into costly and complex competitions between expert witnesses over the minutiae of automobile maintenance. *See, e.g., Sullivan v. PJ United, Inc.*, 362 F. Supp. 3d 1139, 1160 (N.D. Ala. 2018); *Perrin v. Papa John's Int'l, Inc.*, 114 F. Supp. 3d 707, 721-22 (E.D. Mo. 2015). This settlement provides Plaintiffs with substantial relief, without the delay and expenses of a trial and post-trial proceedings.

Page 4 of 7
Donald Adkinson, et al. v. Tiger Eye Pizza, LLC, et al.
U.S.D.C. (W.D. Ark.) Case No. 4:19-cv-4007-SOH
Renewed Joint Motion for Approval of Settlement Agreement

13. In addition to the award payable to Plaintiffs, the FLSA provides for an award of reasonable attorneys' fees and costs to a prevailing plaintiff. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). Courts value the private settlement of attorneys' fees because it prevents unnecessary litigation, and 29 U.S.C. § 216 "does not require approval of settled attorney fees." *Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1027, 2019 WL 2527594 at *2 (8th Cir. 2019).

14. Plaintiffs' counsel are to receive $33,500.00 in settlement of their billed fees and costs on this matter. While this amount was negotiated simultaneously with Plaintiffs' liability damages, it was a constituent part of settlement demands and negotiations. Plaintiffs' counsel billed over $78,000.00 in attorneys' fees and costs between the two related cases, taking them from Complaint drafting, extensive Motions practice including a Motion for Certification and Responses to Defendants' two Motions for Summary Judgment, complex formal and informal discovery, and settlement negotiations, including two settlement conferences in front of a Magistrate Judge. At just 42% of Plaintiffs' counsel's billing and expenses to date, the agreed attorneys' fees are reasonable.

15. In further support of the agreed fees and costs, Plaintiffs' counsel attaches Exhibits 2, Declaration of Josh Sanford, Exhibit 3, *Adkinson v. Tiger Eye Pizza, LLC,* Billing Spreadsheet, and Exhibit 3, *Lewis v. Tiger Eye Pizza, LLC*, Billing Spreadsheet.

16. Plaintiffs and the Defendants jointly seek dismissal, with prejudice, of Adkinson Plaintiffs' Complaint in this litigation and of Lewis's Complaint in the consolidated action. The parties further request that following the Court's approval of the

Page 5 of 7
Donald Adkinson, et al. v. Tiger Eye Pizza, LLC, et al.
U.S.D.C. (W.D. Ark.) Case No. 4:19-cv-4007-SOH
Renewed Joint Motion for Approval of Settlement Agreement

Settlement Agreement, the Court dismiss the above-styled causes of action with prejudice.

WHEREFORE, premises considered, Plaintiffs and Defendants jointly request this Court enter an Order dismissing with prejudice this lawsuit in its entirety and approving the Settlement Agreement attached hereto, and for all other relief this Court finds the parties so entitled.

Page 6 of 7
Donald Adkinson, et al. v. Tiger Eye Pizza, LLC, et al.
U.S.D.C. (W.D. Ark.) Case No. 4:19-cv-4007-SOH
Renewed Joint Motion for Approval of Settlement Agreement

Respectfully submitted,

**DONALD ADKINSON and KERRY WIMLEY, Each Individually and on Behalf of All Others Similarly Situated, and ROGER LEWIS, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040

Merideth Q. McEntire
Tex. Bar No. 24105123
merideth@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

and  **TIGER EYE PIZZA, LLC, AND KENNETH SCHROEPFER, DEFENDANTS**

COOPER & SCULLY, P.C.
900 Jackson Street, Suite 100
Dallas, Texas 75202
Telephone: 214-712-9500
Facsimile: 214-712-9540

*/s/ R. Douglas Rees*
R. Douglas Rees
Tex. Bar No. 16700600
doug.rees@cooperscully.com
*Admitted Pro Hac Vice*

Page 7 of 7
Donald Adkinson, et al. v. Tiger Eye Pizza, LLC, et al.
U.S.D.C. (W.D. Ark.) Case No. 4:19-cv-4007-SOH
Renewed Joint Motion for Approval of Settlement Agreement