IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DONALD ADKINSON and
KERRY WIMLEY, Individually
and on Behalf of All Others
Similarly Situated                                                                                              PLAINTIFFS


v.                                                      Case No. 4:19-cv-4007


TIGER EYE PIZZA, LLC and
KEN SCHROEPFER                                                                                              DEFENDANTS


ROGER LEWIS                                                                                                    PLAINTIFF


v.                                                      Case No. 4:20-cv-4017


TIGER EYE PIZZA, LLC and
KEN SCHROEPFER                                                                                              DEFENDANTS

**ORDER**

Before the Court is the parties' Renewed Joint Motion for Approval of Settlement Agreement. (ECF No. 124). No response is necessary. The matter is ripe for consideration. For the following reasons, the motion will be granted.

**I. BACKGROUND**

On January 23, 2019, Plaintiffs Adkinson and Wimley filed this action individually and on behalf of all others similarly situated, alleging that Defendants willfully violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the Arkansas Minimum Wage Act ("AMWA"), Ark. Code Ann. § 11-4-201, et seq., by failing to pay them minimum wage and overtime compensation as required by the FLSA and AMWA. On October 16, 2019, the Court granted conditional certification of a collective action. Notice was issued to the putative collective

members and twenty-four people filed consents to join the lawsuit, with two later voluntarily withdrawing their consent.

Plaintiff Roger Lewis received notice of the collective action but failed to opt in before the deadline. So, on February 14, 2020, he filed his own lawsuit against Defendants, asserting the same claims as those brought by Adkinson and Wimley. On December 14, 2020, the Court consolidated the *Lewis* action with this one.

Following the parties' participation in two settlement conferences with the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas, they reached a settlement of all claims, as captured in a proposed Settlement Agreement and Release filed with the Court. (ECF No. 124-1). On February 10, 2022, the parties asked the Court to approve their settlement and dismiss the case with prejudice. (ECF No. 118). The Court denied that motion but invited the parties to refile the motion with additional information regarding the attorneys' fees contemplated by the settlement. (ECF No. 119). They have now done so and again ask for settlement approval and dismissal of this case.

## II. DISCUSSION

There are two ways in which FLSA wage claims can be settled or compromised by employees with res judicata effect. First, an employee may accept payment of unpaid wages under the supervision of the Secretary of Labor and if the back wages are paid in full. *See* 29 U.S.C. § 216(c). Second, when employees bring a private action for back wages under the FLSA, the Court may enter a stipulated judgment after scrutinizing the settlement for fairness. *Beauford v. ActionLink*, 781 F.3d 396, 405 (8th Cir. 2015); *Copeland v. ABB, Inc.*, 521 F.3d 1010, 1014 (8th Cir. 2008). Most FLSA cases are not compromised under either category but, like here, are instead submitted to the district court for approval and dismissal with prejudice, which would have the

same effect as a stipulated judgment. *See Melgar v. OK Foods*, No. 2:13-cv-2169-PKH, 2017 WL 10087890, at *1 (W.D. Ark. Jan. 26, 2017).

It remains an open question in the Eighth Circuit whether the FLSA requires judicial approval to settle bona fide disputes over wages owed. *See Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1026 (8th Cir. 2019); *Melgar v. OK Foods*, 902 F.3d 775, 779 (8th Cir. 2018). Acknowledging that, this Court and others in the Eighth Circuit typically review a proposed FLSA settlement's terms for fairness to ensure the parties are not left in an "uncertain position." *See, e.g.*, *King v. Raineri Const., LLC*, No. 4:14-cv-1828 (CEJ), 2015 WL 631253, at *2 (E.D. Mo. Feb. 12, 2015). The Court will only approve a FLSA settlement agreement if it determines that the litigation "involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties." *Frye v. Accent Mktg. Servs., LLC*, No. 4:13-CV-59 (CDP), 2014 WL 294421, at *1 (E.D. Mo. Jan. 27, 2014); *see also Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). The Court will proceed in that order.

A settlement addresses a bona fide dispute when it "reflects a reasonable compromise over issues actually in dispute." *King*, 2015 WL 631253, at *2 (citing *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 115 (1946)). After all, if there was no dispute that a plaintiff is owed wages, allowing settlement would effectively endorse the parties having improperly negotiated around clearly established FLSA entitlements. *Barrentine v. Ark.-Best Freight Sys.*, 450 U.S. 728, 739-40 (1981). The "threshold for establishing whether a bona fide dispute exists between the parties is a low one met where the parties are in disagreement about the wages to be paid and liability of the issues." *Netzel v. W. Shore Grp., Inc.*, No. 16-cv-2552 (RHK/LIB), 2017 WL 1906955, at *4 (D. Minn. May 8, 2017).

The Court previously found that this case involves bona fide disputes, and nothing has

changed that finding. Plaintiffs have alleged that Defendants' expense reimbursement policies resulted in delivery drivers receiving less than the IRS standard business mileage rate, with the difference causing the drivers to be paid less than the applicable minimum wage. Defendants deny that the IRS rate is applicable and maintain that their reimbursement policies did not violate any law and that the drivers were always paid at or above the applicable minimum wage. The Court is satisfied that this case involves bona fide disputes over FLSA provisions.

To now determine whether the proposed FLSA settlement is fair and reasonable, the Court considers the totality of the circumstances, including factors such as "the stage of the litigation and the amount of discovery exchanged, the experience of counsel, the probability of success on the merits, any 'overreaching' by the employer in the settlement negotiations, and whether the settlement was the product of an arm's length negotiations between the parties based on the merits of the case.'" *Trogdon v. Kleenco Maint. & Constr., Inc.*, No. 5:14-cv-5057-PKH, 2016 WL 7664285, at *2 (W.D. Ark. Nov. 18, 2016). "This approach focuses on the fairness of the process used by the parties in reaching a settlement." *Grahovic v. Ben's Richardson Pizza Inc.*, No. 4:15-cv-1659-NCC, 2016 WL 1170977, at *2 (E.D. Mo. Mar. 25, 2016).

The settlement provides for compensation and attorneys' fees in the total amount of $50,000.00. The settlement comes after the parties conducted formal discovery, which Plaintiffs' counsel used to conduct individualized damages analyses based on the number of miles that each collective member drove during the relevant period. The parties indicate that settling is favorable here because similar FLSA cases involving unreimbursed vehicle expenses have turned into "costly and complex competitions between expert witnesses over . . . automobile maintenance," and that the settlement provides substantial relief without the expense and delay of trial and any post-trial proceedings. Furthermore, a finding of fairness is supported by the fact that all parties

involved have been represented by experienced counsel throughout the litigation and that the settlement is the product of settlement conferences featuring arm's length negotiation involving counsel and a United States magistrate judge. *See Netzel*, 2017 WL 1906955, at *6.

To complete the analysis, the Court turns to attorneys' fees. The Eighth Circuit has assumed, without deciding, that if FLSA settlements are subject to judicial review, district courts have "the authority to ensure (1) the attorney fees were in fact negotiated separately and without regard to the plaintiff's FLSA claim, and (2) there was no conflict of interest between the attorney and his or her client."[1] *Vines v. Welspun Pipes Inc.*, 9 F.4th 849, 853-54 (8th Cir. 2021) (cleaned up). If the Court answers those questions affirmatively, then it lacks the authority under the FLSA to review the settled attorneys' fees. *Barbee*, 927 F.3d at 1027. If, however, the attorneys' fees were not negotiated separately and apart from the merits settlement, the Court may then review the fees for reasonableness. *See Vines*, 9 F.4th 849, 855-57 (reviewing a reduced award of attorneys' fees after finding the district court correctly determined the fees were not negotiated separately from the merits settlement).

The parties' renewed motion admits that the proposed attorneys' fees and costs were negotiated simultaneously with liability damages. However, the parties state that Plaintiffs' counsel would receive $33,500.00 in fees and costs, which is only 42% of counsel's total incurred fees and costs in this matter. Thus, the parties suggest that this amount should be approved as fair and reasonable.

In light of this concession, the Court has authority to review the attorneys' fees and costs awarded in the proposed settlement, which are appropriate if they are fair and reasonable. *See*

---

[1] The parties asked for the Court's approval of the FLSA settlement, so the Court uses the law to be applied if judicial review of FLSA settlements is required. *See Seow v. Miyabi Inc.*, No. 19-cv-2692 (JNE/DTS), 2021 WL 3616894, at *1 (D. Minn. July 15, 2021) (doing the same); *Bryson v. Patel*, No. 4:20-cv-0065-ERE, 2021 WL 2446352, at *1 (E.D. Ark. June 15, 2021) (same).

*Vines*, 9 F.4th 849, 855-57.  The Court does so while remembering that "where the parties have already agreed upon the fees to be paid, any required review need not be a line-by-line, hour-by-hour review of attorneys' fees." *Melgar*, 902 F.3d at 779.  Rather, the review "requires a certain level of deference . . . to the parties' settlement agreement" and "is more deferential than resolving attorneys' fees in a disputed case." *Id.* at 779-80.

The Court reviewed the affidavit of Josh Sanford, the lead Plaintiffs' attorney, (ECF No. 124-2), along with the itemized billing records submitted by Plaintiffs' counsel.[2]  (ECF Nos. 124-3, 124-4).  "Frankly, the fact that the results achieved here are modest and the attorneys are being paid more than half . . . of the total settlement amount . . . [in] fees that they negotiated contemporaneously with their clients' FLSA claims . . . is a red flag for the Court." *Krott v. New Directions Behav. Health, L.L.C.*, No. 4:19-cv-0915-DGK, 2022 WL 130978, at *3 (W.D. Mo. Jan. 13, 2022).  Additionally, some of the hourly rates being claimed seem excessive and are likely higher than what would pass a lodestar analysis.  Nonetheless, the record demonstrates that Plaintiffs' counsel have experience litigating FLSA cases; the parties have litigated this case for over three years; and the results obtained for Plaintiffs and the collective are at least minimally sufficient given the possibility that additional litigation, and a potential expert battle at trial, could have resulted in Plaintiffs and the collective receiving nothing.  *See id.*

Key to the Court's consideration is the Eighth Circuit's admonition that proposed FLSA settlements require a "certain level of deference" and that the Court's review of unopposed

---

[2] The itemized billing records show all of Plaintiffs' counsel's billing entries from this case and its consolidated counterpart.  However, the proposed settlement would award only 42% of the total billables to Plaintiffs' counsel.  Plaintiffs' counsel reason that it was unnecessary to isolate the billing entries making up the proposed fee award because it is unnecessary for the Court to conduct a line-by-line review.  Although it turned out to not be necessary for the Court's determination, the Court would have found that additional information helpful, not to conduct a line-by-line review of the entries but to better evaluate the work being rewarded as a whole, relative to the other fairness considerations.  In future cases, that information will be expected.

attorneys' fees "need not be a line-by-line, hour-by-hour review," like what would be utilized for an opposed fee petition. *Melgar*, 902 F.3d at 779-80. Keeping that in mind, the Court will set aside its reservations and will not substitute "its own judgment as to optimal settlement terms for the judgments of the litigants and their counsel." *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1148-49 (8th Cir. 1999); *see also Johnson v. Thomson Reuters*, No. 18-cv-0070 (PJS/HB), 2019 WL 1254565, at *6 (D. Minn. Mar. 19, 2019) (citing *Melgar* and "reluctantly" approving agreed attorneys' fees in a FLSA settlement despite expressing skepticism about the reasonableness of certain attorneys' hourly rates). Under this case's circumstances, the Court cannot say that, as a whole, an unopposed award of $33,500.00 in attorneys' fees and costs is unreasonable given the stage of the case, the relief to be obtained for Plaintiffs and the collective, and the fact that the settlement is the product of arm's length negotiation involving the assistance of a United States magistrate judge. Consequently, approval is given for the proposed attorneys' fees and costs.

### III. CONCLUSION

For the above-discussed reasons, the Court finds that the proposed settlement is fair and reasonable. The parties' joint motion (ECF No. 124) is **GRANTED**. This case and its consolidated counterpart (Case Nos. 4:19-cv-4007 and 4:20-cv-4017) are **DISMISSED WITH PREJUDICE**. The Court will retain jurisdiction to vacate this order and reopen the action upon cause shown that the settlement has not been completed and further litigation is necessary.

**IT IS SO ORDERED**, this 7th day of April, 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge